

# United States Bankruptcy Court
# for the District of Oregon

Thomas M. Renn, Judge  
Virginia H. Denney, Judicial Assistant  
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600  
Eugene, Oregon 97401

(541) 431-4050  
FAX: (541) 431-4047

March 10, 2014

Ms. Kendall H. Ferguson  
Sorenson, Ransom & Ferguson, LLP  
133 N.W. D Street  
Grants Pass, OR 97526

Mr. Troy M. Slonecker  
1866 Ridgley Blvd.  
Eugene, OR 97401

RE    CHARTER v. BENNETT, et al; Adversary Proceeding No. 12-6136-tmr

Counsel:

    The Court has reviewed the Defendants' Memorandum/Statement [Doc. #52], and the Plaintiff's Detailed Statement [Doc. #53]. As the parties are aware, the Court gave Defendants the opportunity to substantiate interest <u>earned</u> on advances by Dr. Alex to Debtor. Memorandum Opinion [Doc. #45] at 19:3-4. The Court's directive in that regard was quite clear. Simple interest at 10% per annum was to be computed on a total of $103,780 in advances. <u>Id.</u> at 17:19-18:1. It was also clear the $103,780 was comprised of the "Alex Paid" column on Trial Ex. 110 at pp. 3-4 and the "Loan to Bennett" column (through April 19, 2010) on Trial Ex. 110 at p. 1. <u>Id.</u> at 16 n.24.

    Defendants have not complied with the Court's directive.[1] Instead, they have inserted three advances <u>not</u> found by the Court. <u>See</u> Isler CPA's Cash Flow and Loan Amortization

---

[1] The Court is unwilling to construe Defendants' cursory, unsupported Memorandum as a motion under FRCP 52(b) (made applicable by FRBP 7052) to amend the Court's factual findings, or as one under FRCP 59(a) (made applicable by FRBP 9023) to re-open the record to allow new evidence of additional advances. This determination, especially given that Defendants' Memorandum cites neither of these rules, is based on the clear directive in the Memorandum Opinion.

Schedule at pp. 2, 4, attached to Defendants' Memorandum [Doc. #52].[2] Further, contrary to the Court's directive, for advances made between April 26, 2002 and March 11, 2005, Defendants have computed interest on the amounts in the "Bennett Owed" column on Trial Ex. 110 at pp. 3-4, and credited against same, payments indicated in the "Bennett Paid" column on the same exhibit. As noted above, and consistent with the testimony, Defendants' trial memorandum, and the pre-trial order, the Court found the advances made between April 26, 2002 and March 11, 2005, were those listed in the "Alex Paid" column on Trial Ex. 110 at pp. 3-4. Moreover, and again consistent with the testimony and argument, it found those advances remained unpaid as of April 19, 2010, the operative date on which interest ends.

Because of the above deficiencies, Defendants' calculations do not aid the Court. In contrast, Plaintiff's Detailed Statement of Interest does exactly what the Court requested. It lists the appropriate advances and calculates simple interest at 10% per annum from the date of the advances through April 19, 2010. Therefore, a judgment will be entered in Plaintiff's favor for $97,869.67 ($248,880 value transferred - $151,010.33 value received). The judgment will also include a declaration that the Chapter 7 Estate owns 250 shares of Alex Enterprises, LLC, and any purported post-petition transfer of same is avoided under § 549, and preserved under § 551.

To the extent the Rule requires, the above constitute my findings of fact and conclusions of law under FRBP 7052. Ms Ferguson should submit an appropriate form of judgment after allowing Mr. Slonecker an opportunity to review it.

Very truly yours,

*[signature]*

THOMAS M. RENN
Bankruptcy Judge

TMR:vhd

---

[2] The newly added advances are: 1) $44,000.00 on July 7, 2005; 2) $31,353.00 on December 13, 2007; and 3) $16,601.71, also on December 13, 2007. The Court did find the other amount listed on the Cash Flow and Amortization Schedule for December 13, 2007, (i.e., $14,751.51), was an advance made by Dr. Alex to Debtor. This advance was part of a total $31,353.22 payment that same date, as evidenced by Check #1415, with the $16,601.71 balance noted on Trial Ex. 110 at p.1 as an "Improvement Expense," not an additional advance as now claimed by Defendants.